# UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DeRay McKesson, | * | |
| Kira Marrero, and | * | |
| Gloria La Riva | * | |
| Plaintiffs | * | |
| | * | Civil Action No. _____ |
| Versus | * | |
| | * | |
| City of Baton Rouge | * | |
| East Baton Rouge Parish | * | Division: _____ |
| Melvin "Kip" Holden, Mayor – Parish President, | * | |
| Carl Dabadie, Jr., Chief of Police, Baton Rouge, and | * | |
| Sid J. Gautreaux, III, Sheriff, | * | Judge _____ |
|     East Baton Rouge Parish | * | |
| Col. Michael Edmonson, Superintendent, | * | |
|     Louisiana State Police | * | |
| Defendants | * | Magistrate _____ |

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

## CLASS ACTION COMPLAINT FOR DAMAGES
## FOR DEPRIVATION OF CIVIL RIGHTS

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, DeRay McKesson, Kira Marrero and Gloria La Riva, individually, and on behalf of a class of similarly situated persons, and seek damages for defendants' unlawful mass arrests and prosecutions under constitutionally dubious statutes, regulations, policies and practices by the Baton Rouge Police Department, the East Baton Rouge Sheriff's Office and the Louisiana State Police. Defendants employed unconstitutional tactics to disturb, disrupt, infringe upon and criminalize plaintiffs and class members' constitutional rights to freedom of speech and assembly. Plaintiffs request damages pursuant to 42 U.S.C. sections 1983 and 1985, and for violations of plaintiffs and class members' rights under the 1st, 5th, 4th, 7th, 8th and 14th Amendments to the United States Constitution.

Evidence of Defendants' misconduct and use of excessive force has been collected by notable and historic civil rights and advocacy organizations, in addition to hundreds of cell-phone photographs and videos. News reporters have taken hundreds of photographs, video and audio recordings of the Defendants' actions. Further, upon information and belief, Defendants have custody and control of surveillance videos and body camera recordings, which contain further evidence of Defendants' conduct.

Plaintiffs, individually and on behalf of all members of the putative class, allege as follows, upon information and belief:

## PARTIES

### 1.

Plaintiff and proposed class representative, DeRay McKesson, is a resident of Baltimore, Maryland, who was arrested by the Baton Rouge Police Department on July 9, 2016, while peaceably protesting, was arrested[1] and charged with Simple Obstruction of a Highway of Commerce, pursuant to La. R.S. 14:97 (copy attached, Exhibit 1),[2] was incarcerated at the East Baton Rouge Parish Prison, and was released on his own recognizance on July 10, 2016. Mr. McKesson was required to pay administrative fees and court fees to obtain his release, and will have to pay additional fees and costs to have his arrest expunged. His legal services to date have been provided pro bono by the law firm of Rodney and Etter. The charges were subsequently dismissed by the East Baton Rouge District Attorney.

---

[1] See Photograph of Mr. McKesson's arrest, Exhibit 3.

[2] A. Simple obstruction of a highway of commerce is the intentional or criminally negligent placing of anything or performance of any act on any railway, railroad, navigable waterway, road, highway, thoroughfare, or runway of an airport, which will render movement thereon more difficult. B. Whoever commits the crime of simple obstruction of a highway of commerce shall be fined not more than two hundred dollars, or imprisoned for not more than six months, or both. La. R.S. 14:97

2.

Plaintiff and proposed class representative, Kira Marrero, is a resident of Louisiana. Ms. Marrero was arrested by the Baton Rouge Police Department on July 9, 2016, while peaceably protesting, was charged with Simple Obstruction of a Highway of Commerce, pursuant to La. R.S. 14:97, and was incarcerated in the East Baton Rouge Parish Prison and was held overnight. Ms. Marrero suffered emotional distress during her arrest and imprisonment. Ms. Marrero was released on her own recognizance. Her legal services were provided pro bono; however, she was still required to pay an administrative fee to obtain her release. She was required to pay an administrative fees to obtain her release, and will have to pay additional fees and costs to have her arrest expunged. Ms. Marrero incur attorneys' fees to clear her criminal arrest record, as a result for defendants' conduct. The charges were subsequently dismissed by the East Baton Rouge District Attorney.

3.

Plaintiff and proposed class representative, Gloria La Riva, is a resident of San Francisco, California. Ms. La Riva was filming the protests when she was arrested on July 9, 2016. Ms. La Riva was charged with Simple Obstruction of a Highway of Commerce, pursuant to La. R.S. 14:97, and was incarcerated in the East Baton Rouge Parish Prison and was held overnight. Ms. La Riva suffered emotional distress during her arrest and imprisonment. Ms. La Riva had to post substantial bail and pay administrative fees and court fees to obtain her release, and will have to pay additional fees and costs to have her arrest expunged. She has incurred substantial attorneys' fees and will incur further attorneys' fees to clear her criminal arrest record, as a result for defendants' conduct. The charges were subsequently dismissed by the East Baton Rouge District Attorney.

4.

Plaintiffs propose to represent a class of all persons who were arrested on approximately July 6, 7, 8, 9, 10 and 11, 2016, and charged with only a violation of La. R.S 14:97 while exercising their civil rights, were imprisoned and were released on or before July 12, 2016.

5.

Defendant, the City of Baton Rouge is a municipality of the State of Louisiana, domiciled in East Baton Rouge Parish, established pursuant to its Home Rule Charter and statutes, which has the capacity to sue and be sued.

6.

Defendant, East Baton Rouge Parish, is a political subdivision of the State of Louisiana, established pursuant to statutes and the Louisiana Constitution, which has the capacity to sue and be sued.

7.

Defendant, Melvin "Kip" Holden is the Mayor of the City of Baton Rouge and the President of East Baton Rouge Parish, who is sued in his official capacity.

8.

Defendant, Carl Dabadie, Jr. is the Chief of Police of the City of Baton Rouge, who is sued in his official capacity.

9.

Defendant, Sid J. Gautreaux, III, is the Sheriff of East Baton Rouge Parish, who is sued in his official capacity.

10.

Defendant, Colonel Michael Edmondson, is the Superintendent of the Louisiana State Police, which is a department within the Louisiana Department of Public Safety. Col. Edmondson is sued in his official capacity.

11.

Defendants, individually, collectively and through their employees, officers and agents, promulgated, adopted and implemented policies, practices and procedures, which have resulted in the deprivation of the civil rights of plaintiffs and others under color of law and in violation of federal and state law.

12.

Defendants, individually, collectively and through their employees, officers and agents, acted intentionally and with deliberate indifference to the violation of the civil rights of plaintiffs and others.

13.

Defendants' actions and omissions were objectively unreasonable, such that defendants are not entitled to qualified immunity or statutory immunity.

14.

Defendants, individually, collectively and through their employees, officers and agents have arrested and charged plaintiffs and class members pursuant to ordinances and statutes that are unconstitutionally vague, are unconstitutional as applied and prohibit conduct that is protected by the United States Constitution, including, but not limited to, La. R.S. 14:97.

15.

Defendants, knew or should have known that their actions and omissions would result in the deprivation of the civil rights of plaintiffs and class members.

16.

Defendants deprived plaintiffs and class members of their civil rights and selectively interpreted and enforced the laws, based upon the facts that plaintiffs and class members were protesting Defendants' conduct and were seeking changes to Defendants' policies, practices and procedures.

17.

Defendants acted pursuant to policies, practices or customs to abuse their law enforcement authority to disturb and disrupt targeted civil political assemblies and mass protests.

18.

Defendants' policy makers approved and authorized Defendants' tactics, policies, practices and customs, as evidenced by their public statements during and after the July 6 through 11, 2016 mass arrests.

## JURISDICTION AND VENUE

19.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331, 28 U.S.C. section 1343 and 28 U.S.C. section 1367 (supplemental jurisdiction), as plaintiffs seek redress and protection of their Constitutional rights under 42 U.S.C. sections 1983, 1985 and 1988, and under Louisiana tort law.

20.

Venue is appropriate in this judicial district, pursuant to 28 U.S.C. section 1391, because the defendants reside in this district and a substantial part of the events or omission giving rise to plaintiffs' claims occurred in this district.

## STATEMENT OF FACTS

21.

On Tuesday, July 5, 2016, Mr. Alton Sterling was shot and killed by Baton Rouge Police Department officers, leading to Plaintiffs and others protesting the Baton Rouge Police Department's conduct and seeking justice and demanding an independent investigation of Mr. Sterling's death and changes to the Baton Rouge Police Department's policies, procedures and practices.

22.

Throughout the protests, the Defendants responded in a militarized and aggressive manner. Police advanced against protestors dressed in military gear, with gas masks, shin guards, face shields, brandishing assault weapons alongside heavy military vehicles.[3] Baton Rouge Police Department, Louisiana State Police and East Baton Rouge Parish Sheriff's Officers threatened non-violent protestors by pointing their weapons directly at them.[4] Journalists reported officers pointing machine guns at them. Photographs and videos show police pointing their guns at protestors.

---

[3] See Photographs, Exhibits 6 and 7.
[4] See Photographs 2 and 5.

23.

This paragraph is intentionally left blank. As complainants anticipate that they will amend and supplement the allegations of this complaint.

24.

The protests continued on Friday, July 8, Saturday, July 9 and Sunday, July 10, 2016.

25.

Defendants ordered class members to walk on the sidewalks, and to not walk in the street. This order was unreasonable and placed citizens walking along Airline Highway and other streets in danger, because those streets do not have sidewalks and the adjacent areas were uneven or not mowed and contained hazards that could not be seen.

26.

Dozens of the arrests for obstructing the highway were of class members who were arrested on sidewalks, the grass or even inside a person's house.

27.

Defendants ordered peaceful protestors to leave the private property and porches of Baton Rouge residents on July 9, 2016. Defendants, then, without probable cause and without a warrant, invaded the private property of residents, forcibly removed people from residents' yards and porches and arrested several class members and charged them with obstructing a public highway in violation of La. R. S. 14:97, long after they had left the area adjacent to the highway.

28.

Defendants arrested class members after Defendants had closed the public highway, such that there was no through traffic to obstruct, and therefore there could be no practical violation of La. R.S. 14:97.

29.

Defendants detained, arrested, and charged plaintiffs and class members with state misdemeanor violations, when municipal citations, traffic citations, or other less harsh enforcement was available.

30.

On information and belief, approximately 185 persons were arrested on charges of obstructing highway in violation of La. R.S. 14:97. Class members were required to post substantial bail and pay administrative fees and court fees to obtain their releases, and will have to pay additional fees and costs to have their arrests expunged. Class members have incurred substantial attorneys' fees and will incur further attorneys' fees to clear their criminal arrest records, as a result for defendants' conduct. The charges were subsequently dismissed by the East Baton Rouge District Attorney. Defendants used excessive force in attacking, battering, beating, and assaulting plaintiffs and class members without provocation or the need for defense.

31.

Defendants charged plaintiffs and class members with the highest level of infraction, such as state misdemeanor statute, La. R.S. 14:97, where less harsh charges were available, such as City Code violations. On information and belief, prior to the protest no one in Baton Rouge had ever been arrested on the single charge of violation of La. R.S. 14:97. No class member was accused of any crime other than a violation of La. R.S. 14:97.

32.

All class members were handcuffed. The plastic handcuffs placed on plaintiffs and many class members were uniformly and consistently excessively too tight. Plaintiffs and class members experienced pain, swelling, bruising and numbness from the handcuffs.

33.

Defendants assessed and charged all class members who had been ordered released on their own recognizance and all class members who posted bond, excessive fines, costs and administrative fees, which had to be paid before they could be released from detention

34.

All class members now have criminal arrest records, which in this digital age could adversely affect their future employment, education, reputations, and professional licensing. Obtaining expungement of their criminal arrest records will require court filings, time and expenses, including attorneys' fees and court costs.

35.

On or about July 11, 2016, the East Baton Rouge District Attorney announced that he would not prosecute charges against Plaintiffs, DeRay McKesson, Kira Marrero and Gloria La Riva and class members.

## CLASS ACTION ALLEGATIONS

36.

Plaintiffs appear individually and as proposed representatives of a proposed class consisting of all persons who were arrested on July 6, 7, 8, 9, and 11, 2016, while exercising their civil rights, were charged with a single violation of La. R.S 14:97, were imprisoned and were released on or before July 12, 2016.

37.

Plaintiffs are ready, willing and able to fulfill the duties of class representatives to litigate this matter on behalf of all class members and have retained counsel with experience in class actions, civil rights lawsuits, and complex litigation.

38.

The class is sufficiently numerous and is so numerous that joinder of individual members is impracticable, as approximately 185 persons were arrested on charges of obstructing highways and imprisoned on July 6, 7, 8, 9, and 11, 2016.

39.

Common questions of law and fact exist in this litigation that impact the rights of each member of the class. Common issues include the actions or inactions of the Defendants, the injuries caused by Defendants' conduct, Defendants' policies and delays in responding to non-violent protests, arresting class members, booking class members, incarcerating class members, charging class members with violating felony statutes, requiring class members to post substantial bond, assessing and charging class members excessive administrative fees and court costs to obtain their release, the East Baton Rouge District Attorney's decision to not prosecute class members and the need for class members to expunge their criminal arrest records at their own expense.

40.

Plaintiffs are similarly situated to the other members of the proposed class and have incurred costs of posting bond, administrative fees, court costs, attorneys' fees, expungement cost and other injuries similar to those incurred by other members of the proposed class. The class can be defined objectively in terms of ascertainable criteria by the dates of class members' arrests and the charges against them, and is limited to the time period of Defendants' violations of the class members' rights. Class membership can be determined by data readily available from objective sources, including the Defendants' records and court records.

41.

The claims of the named Plaintiffs are typical of the claims of the entire class, inasmuch as the named Plaintiffs are members of the class and all relief will inure to the benefit of the class. The named Plaintiffs and other members of the class were exposed arrest and imprisonment in the same manner and by the same means. The rights of each member of the class are the same, as is the duty by the Defendants to each member of the class.

42.

Class adjudication is appropriate for all members who were harmed by Defendants' violations of their civil rights, as all class members were injured by the same course of conduct of the Defendants.

43.

Plaintiffs' and class members' damages and injuries resulted from a common course of conduct by Defendants, which caused similar damages to all members of the proposed class.

44.

Class adjudication is appropriate and required, pursuant Rule 23 (b) (1), because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for Defendants, and adjudications with respect to individual members of the class might be dispositive of the interests of the other class members or might substantially impair or impede other class members' ability to protect their interests.

45.

Class adjudication is appropriate and required, pursuant to Rule 23 (b) (2), for the reason that Defendants have acted or refused to act on grounds generally applicable to the class, including but not limited to Defendants' failures to adequately protect class members' civil rights, in responding to the non-violent protests arresting, charging, imprisoning, assessing and charging excessive administrative fees and costs and releasing class members.

46.

Class adjudication is also appropriate and required pursuant to FRCP Rule 23 (b) (3), because questions of law and fact common to the members of the class predominate over any questions affecting only individual class members. Class adjudication will be superior to other available methods for the fair and efficient adjudication of the matters at issue. The determination and vindication of public policies and interests regarding the conduct of the Defendants in responding to the non-violent protests and providing compensation to class members justify the costs and burdens of class adjudication.

47.

The class may be readily defined as those persons who were arrested during the protests which occurred on approximately July 6, 7, 8, 9, 10 and 11, 2016, and who were charged with a singular violation of La. R.S. 14:97, the obstruction of a public highway and who were imprisoned as a result of the alleged violation, or who received citations as a result of this singular violation and whose charges were refused or dismissed by the District Attorney of East Baton Rouge Parish and were required to post bond, expend moneys for legal fees and costs and will be required to pay moneys, fees, costs and attorneys' fees for the expungement of their

criminal record. The Court may easily establish sub-classes based upon objective data and material, including but not limited to the date of arrest, the place of arrest, the time of incarceration and the type of fees and costs paid. Class counsel

## CAUSES OF ACTION

### 48.

Plaintiffs hereby incorporate, adopt by reference and re-allege the foregoing paragraphs in support of the following causes of action, which Plaintiffs plead in the alternative.

## COUNT 1:

## Deprivation of Civil Rights Under Color of Law

### 49.

Defendants, individually and through their employees, agents and others under their direction and control, acting under color of law, deprived plaintiffs and class members similarly situated of their Constitutionally-protected rights, in violation of 42 U.S.C. section 1983.

### 50.

Defendants knew or should have known that their conduct was in violation of plaintiffs and class members' constitutional rights and acted with deliberate indifference, conscious disregard, gross disregard or reckless disregard for plaintiffs and class members' rights.

### 51.

The individually named Defendants, the supervisors that reported to them and all officers in the chain of command had the duty to intervene or prevent unlawful or unconstitutional conduct, negligence, and harm to the citizens they are sworn to serve and protect. Despite that duty, Defendants, individually and through their employees, agents and others under their

direction and control, failed to intervene to protect the civil rights of plaintiffs and class members.

## COUNT 2:

### Conspiracy to Deprive Plaintiffs of Civil Rights

52.

Defendants, individually and through their employees, agents and others under their direction and control, acting under color of law, conspired to deprive plaintiffs and other persons similarly situated of the Constitutionally-protected rights, in violation of 42 U.S.C. section 1985.

## COUNT 3:

### Use of Excessive Force

53.

Defendants, individually and through their employees, agents and others under their direction and control, used excessive and unnecessary force in arresting, transporting, and incarcerating plaintiffs and class members, causing emotional distress and physical injuries.

## COUNT 4:

### Arrest Without Probable Cause

54.

Defendants, individually and through their employees, agents and others under their direction and control, arrested plaintiffs and class members without probable cause.

**COUNT 5:**

**Violation of First Amendment Rights**

55.

Defendants, individually and through their employees, agents and others under their direction and control, violated plaintiffs and class members' First Amendment Rights of speech, assembly and free association.

56.

Defendants further violated class members First Amendment right of freedom of the press by arresting and incarcerating class members who were journalists, camera persons and reporters.

**COUNT 6:**

**Retaliation Against Exercise of Freedom of Speech and Assembly**

57.

Defendants, individually and through their employees, agents and others under their direction and control, retaliated against plaintiffs and class members, who were exercising their rights of freedom of speech and assembly to state their grievances and obtain changes to Defendants' policies and practices regarding the use of excessive force, shootings, arrests and Defendants' violations of citizens' rights.

**COUNT 7:**

**Inadequate Prison Conditions**

58.

Defendants, individually and through their employees, agents and others under their direction and control, held plaintiffs and class members, in jails and prisons with inadequate

conditions, facilities, personnel and services, including but not limited to denying class members requests for necessary medications and medical care.

## COUNT 8:

## Excessive Bond

### 59.

Defendants, individually and through their employees, agents and others under their direction and control, required plaintiffs and class members to post excessive bond, resulting in class members who lacked sufficient funds being incarcerated in violation of their Eighth Amendment and Fourteenth Amendment rights.

## COUNT 9:

## Louisiana Law False Imprisonment

### 60.

Defendants, individually and through their employees, agents and others under their direction and control, falsely imprisoned plaintiffs and class members, contrary to Louisiana law and jurisprudence.

## COUNT 10:

## Louisiana Law Malicious Prosecution

### 61.

Defendants, individually and through their employees, agents and others under their direction and control, maliciously prosecuted plaintiffs and class members, contrary to Louisiana law and jurisprudence.

## COUNT 11:

## Louisiana Law Assault and Battery

### 62.

Defendants, individually and through their employees, agents and others under their direction and control, committed acts of assault and battery upon plaintiffs and class members, during their arrests, transportation and imprisonment, contrary to Louisiana law and jurisprudence.

## COUNT 12:

## Louisiana Law Intentional Infliction of Emotional Distress

### 63.

Defendants, individually and through their employees, agents and others under their direction and control, intentionally inflicted emotional distress upon plaintiffs and class members, during their arrests, transportation and imprisonment, contrary to Louisiana law and jurisprudence.

## COUNT 13:

## Louisiana Law Negligent Infliction of Emotional Distress

### 64.

Defendants, individually and through their employees, agents and others under their direction and control, negligently inflicted emotional distress upon plaintiffs and class members, during their arrests, transportation, and imprisonment, contrary to Louisiana law and jurisprudence.

## COUNT 14:

## Louisiana Law Negligence

### 65.

Defendants, individually and through their employees, agents and others under their direction and control, were negligent in their conduct during plaintiffs and class members' arrests, transportation and imprisonment, and are liable to plaintiffs and class members for damages pursuant to Louisiana Civil Code article 2315.

## COUNT 15:

## Vicarious Liability

### 66.

Defendants are liable to plaintiffs and class members for the negligent acts and omissions of their employees, agents and others under their direction and control pursuant to Louisiana Civil Code article 2320 and the doctrine of *respondeat superior*.

### 67.

The individually named Defendants and the supervisors that reported to them, breached their duties to supervise, intervene and prevent the deprivation of plaintiffs and class members' constitutional rights.

## COUNT 16:

## Failure to Train and Supervise

### 68.

Defendants are liable to plaintiffs and class members for their negligent failure to train and supervise their employees, officers, agents and others under their direction and control.

## EQUITABLE AND DECLARTORY RELIEF

### 69.

Plaintiffs and class members are entitled to and pray for equitable and declaratory relief, including but not limited to:

A.  Entry of Orders expunging or nullifying their arrests;

B.  Entry of an Order prohibiting Defendants from reporting plaintiffs and class members' arrests to other law enforcement agencies or law enforcement databases;

C.  Entry of an Order requiring Defendants to notify other law enforcement agencies and law enforcement databases that plaintiffs and class members' arrests were expunged or nullified;

D.  Entry of an order prohibiting Defendants from reporting plaintiffs and class members' arrests to current or prospective employers or credit reporting agencies;

E.  Entry of an Order directing Defendants to return any and all bonds or bail paid to Defendants by plaintiffs and class members; and

F.  Such other declaratory or equitable relief as may be just in the circumstances.

## DAMAGES

### 70.

As a direct and proximate result of the joint acts or omissions of Defendants and their officers, employees, and agents identified in this Complaint, each of the plaintiffs and class members has suffered monetary and non-monetary harm including deprivation of Constitutional rights and loss of liberty.

71.

As a result of Defendants' conduct, plaintiffs and class members have suffered and will suffer and are entitled to compensation for:

1. Lost wages, past, present, and future;

2. Expenses incurred to post bond;

3. Administrative fees and expenses paid to Defendants;

4. Court costs and fees;

5. Criminal defense attorneys' fees to obtain release;

6. Criminal defense attorneys' fees to defend against criminal charges;

7. Future attorneys' fees, costs and filing fees to obtain expungement of criminal arrest records; and

8. Such other damages as may be proven at trial.

72.

Plaintiffs and class members are entitled to an award of reasonable attorneys' fees for attorney time and efforts that were provided pro bono, pursuant to 42 U.S.C. section 1988.

WHEREFORE, Plaintiffs, DeRay McKesson, Kira Marrero and Gloria La Riva, individually and on behalf of a proposed class of similarly situated persons, pray for declaratory or equitable relief and an award of compensatory damages, costs and attorneys' fees, in amounts to be proven at trial.

Respectfully submitted,

August 4, 2016

___/s/ John K. Etter_____
Roy J. Rodney, Jr. (La. Bar No. 2079)
John K. Etter (La. Bar No. 25042)

Rodney & Etter, LLC
365 Canal Street, Suite 2690
New Orleans, LA 70130
Telephone: 504-483-3224
Facsimile: 504-483-2259
E-Mail: rjr@rodneylaw.com
E-Mail: jke@rodneylaw.com

**<u>Please Issue Summons</u>**

City of Baton Rouge
**Through Mayor – President**
Melvin "Kip" Holden, Mayor – President
222 St. Louis Street, 3rd Floor
Baton Rouge, LA 70802

East Baton Rouge Parish
**Through Parish Attorney**
**Lea Ann Batson**
222 St. Louis Street, Room 902
Baton Rouge, LA 70821

Melvin "Kip" Holden, Mayor – President
222 St. Louis Street, 3rd Floor
Baton Rouge, LA 70802

Carl Dabadie, Jr., Chief of Police
9000 Airline Highway
Baton Rouge, LA 70815

Sid J. Gautreaux, III, Sheriff
8900 Jimmy Wedell Drive
Baton Rouge, LA 70807

Colonel Michael Edmondson
Louisiana State Police
7919 Independence Boulevard
Baton Rouge, LA 70806

Colonel Michael Edmondson
**Through Hon. Jeff Landry**
**Attorney General**
State of Louisiana
Litigation Division
1885 North 3rd Street
Baton Rouge, LA 70802
Fax:     225-326-6490
E-Mail: LitInfo@ag.state.la.us