UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

|  |  |
|---|---|
| DERAY MCKESSON, ET AL | CIVIL ACTION NO. 3:16-cv-00520 |
|  | (CLASS ACTION) |
| v. | JUDGE JOHN W. DEGRAVELLES |
| CITY OF BATON ROUGE, ET AL | MAG. ERIN WILDER-DOOMES |

**JOINT STATUS REPORT**

MAY IT PLEASE THE COURT:

Plaintiffs, DeRay McKesson, et al, and Defendants, Colonel Michael Edmonson, City of Baton Rouge / Parish of East Baton Rouge, Baton Rouge Police Chief Carl Dabadie, Jr., and Mayor Melvin "Kip" Holden, Sheriff Sid Gautreaux and East Baton Rouge District Attorney, Hillar C. Moore, III, submit this Joint Status Report, pursuant to the Court's August 9, 2016 Order. Counsel for plaintiffs and defendants conferred by telephone on September 22, 2016. The following joint status report indicates the parties' positions on each topic.

**A. JURISDICTION:**

All parties agree that this Court has original jurisdiction over the claims asserted by plaintiff arising under 42 U.S.C. § 1983 pursuant to the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This Court has supplemental jurisdiction over all state law claims asserted by plaintiff pursuant to the provisions of 42 U.S.C. § 1367(a) because those claims are so related to the claims asserted under 42 U.S.C. § 1983, for which this Court has original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

1

B.  **BRIEF EXPLANATION OF CASE:**

**By Plaintiffs:**

Plaintiffs, DeRay McKesson, et al, and seek damages for defendants' unlawful mass arrests and prosecutions under constitutionally dubious statutes, regulations, policies and practices by the Baton Rouge Police Department, the East Baton Rouge Sheriff's Office and the Louisiana State Police. Defendants employed unconstitutional tactics to disturb, disrupt, infringe upon and criminalize plaintiffs and class members' constitutional rights to freedom of speech and assembly. Plaintiffs request damages pursuant to 42 U.S.C. sections 1983 and 1985, and for violations of plaintiffs and class members' rights under the 1st, 5th, 4th, 7th, 8th and 14th Amendments to the United States Constitution.

The complaint is narrowly-tailored and the proposed class is limited to people who were arrested and charged with a single violation of obstructing a highway, under La. R.S. 14:97. This case and should be tried by June, 2017, at a minimum, and could be tried sooner, should the parties stipulate and agree to class certification.

Discovery can be expedited, since the defendants are in possession of nearly all of the evidence. The defendants were asked to preserve evidence by a July 14, 2016 letter from attorney William Most, which was attached to plaintiffs' counsel's August 23, 2016 letter to defendants.

Plaintiffs and class members seeks monetary compensation for Defendants' deprivation of civil rights and tortious conduct. The damages are well-known, since most of the costs incurred by class members were proscribed by the defendants. Plaintiffs and class members also seek equitable and declaratory relief.

**By City of Baton Rouge, Baton Rouge Police Chief Carl Dabadie, Jr., and Mayor Melvin "Kip" Holden:**

This action arises out of alleged deprivations of constitutional rights and violations of applicable federal and state law which occurred during protests resulting from the death of Alton Sterling. Plaintiffs' complaint fails to state a claim upon which relief can be granted because there are insufficient factual allegations showing that defendants violated any of plaintiff's civil rights under the United States Constitution, or applicable federal law. A violation of plaintiff's state created civil rights or liberties does not state a claim upon which relief can be granted by this Court.

Defendants did not deprive plaintiff of any vested liberty or property interests in violation of the Fourteenth Amendment of the United States Constitution. Defendants did not use any force which was unnecessary or excessive under the circumstances or which rises to the level of a constitutional violation. In the alternative, if force was used against plaintiffs, then the only force used was that force reasonably necessary for defendants to bring plaintiffs under control in order to protect the life and safety of plaintiff, and all others present and to maintain the security of the situation. It did not constitute any unnecessary and wanton infliction of pain. In the alternative, if any defendant is found by the Court to have violated plaintiffs' civil rights, then each such defendant is immune from a judgment for damages because each defendant acted at all times reasonably and in good faith and in accordance with federal and state law and police department rules and regulations. Defendants' conduct did not violate any clearly established constitutional or statutory rights of plaintiff of which a reasonable person would have known. Said defendants further show that their beliefs in the lawfulness of their actions was a reasonable belief and for that reason they are entitled to absolute and/or qualified immunity from liability under the provisions of Title 42 USC 1983. Further, defendants are entitled to statutory immunity pursuant to La. R.S. 9:2798.1.

In the alternative, if any defendant is found to have violated plaintiffs' rights and is not entitled to the defense of qualified immunity, then plaintiffs through their intentional or negligent acts and failure to act as a reasonable person, contributed to their own injuries or damages. Plaintiffs' arrests were lawful. The law does not allow any individual to resist a lawful arrest. The City and its officers are exempt from liability. The plaintiffs can show no use of excessive force. As such, the defendants cannot be held liable. Plaintiffs are not entitled to injunctive, declaratory, or monetary relief. Plaintiffs are not entitled to attorney fees under 42 U.S.C. 1988.

**By Sheriff Gautreaux:**

Plaintiffs' claims arise out of protests of Alton Sterling's death by City of Baton Rouge police officers. Sheriff Gautreaux denies Plaintiffs' claims of wrongdoing. Sheriff Gautreaux was not personally involved in making any arrests. In fact, no East Baton Rouge Parish Sheriff's deputy made any of the arrests at issue. In any event, Plaintiffs constitutional rights were not violated. Sheriff Gautreaux is not liable in either his individual or official capacity for violation of Plaintiffs' constitutional rights.

**By State Police Superintendent Edmonson:**

The instant litigation involves claims of purported deprivations of constitutional rights and violations of applicable federal and state law that occurred in the aftermath of the Alton Sterling incident, the demonstrations that thereafter ensued, and arrests that were made during the course of those demonstrations. Colonel Edmonson denies that any constitutional violations or deprivations occurred at any point and that accordingly no plaintiff is entitled to recover damages nor are plaintiffs entitled to the declaratory and injunctive relief they seek. Alternatively, Edmonson contends that in the event any constitutional violations are proven to have occurred they were not perpetrated by him or the State Police but rather by other law enforcement agencies

and personnel over which he exercised no supervision or control and for whom neither he nor the State Police are responsible.

**By District Attorney Moore:**

The East Baton Rouge District Attorney contends that plaintiffs have not submitted applications for expungement, and therefore, are not entitled to relief from the District Attorney's Office. Plaintiffs deny this contention and assert that they have requested relief from the District Attorney.

**C.   PENDING MOTIONS:**

**By Plaintiffs:**

**Motion for Appointment of Interim Class Counsel (Doc. 3, filed August 4, 2016).**

Plaintiffs oppose the motions for dismissal filed by Defendants.

Plaintiffs will file:
  a. Unopposed Motion for Extension of Time to File Responses to All Defendants' Rule 12(b)(1) and Rule 12(b)(6) Motions for Dismissal to the Due Date for Response to the Last-Filed Motion for Dismissal, which was filed on September 9, 2016.
  b. Motion for Leave to Supplement and Amend their Petition
  c. Motion for Preservation of Evidence
  d. Motion for Interim Discovery Regarding Qualified Immunity
  e. Motion to Certify Class Action.

**By City of Baton Rouge, Baton Rouge Police Chief Carl Dabadie, Jr., and Mayor Melvin "Kip" Holden:**

A Rule 12(b)(6), Fed.R.Civ.P Motion to Dismiss filed on behalf of Mayor Kip Holden is pending at this time. Plaintiffs failed to allege that Mayor Holden had any involvement with the actions alleged in the petition.

**By Sheriff Gautreaux:**

Sheriff Sid J. Gautreaux, III, Sheriff of East Baton Rouge Parish filed a Motion to Dismiss on September 2, 2016 for failure to state a claim upon which relief can be granted.

**By State Police Superintendent Edmonson:**

Colonel Edmonson currently has pending a motion to dismiss under FRCP 12(b)(1) and (6) based on, respectively, lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, as well as a motion for status conference.

**By District Attorney Moore:**

The District Attorney will file a Motion for Dismissal in the next few days.

**D.      ISSUES:**

**By Plaintiffs:**

Common questions of law and fact exist in this litigation that impact the rights of each member of the class. Common issues include the actions or inactions of the Defendants, the injuries caused by Defendants' conduct, Defendants' policies and delays in responding to non-violent protests, arresting class members, booking class members, incarcerating class members, charging class members with violating felony statutes, requiring class members to post substantial bond, assessing and charging class members excessive administrative fees and court costs to obtain their release, the East Baton Rouge District Attorney's decision to not prosecute class members and the need for class members to expunge their criminal arrest records at their own expense.

**By City of Baton Rouge, Baton Rouge Police Chief Carl Dabadie, Jr., and Mayor Melvin "Kip" Holden:**

    A. Whether the class certification is proper;

    B. Whether the plaintiffs' constitutional and/or statutory rights were violated;

C. Whether defendants are entitled to qualified immunity;

D. Whether defendants are entitled to damages and attorney's fees under 42 U.S.C. § 1983 and §1988;

E. Whether the plaintiffs can establish any claim under Louisiana state tort law.

F. Whether the plaintiffs were comparatively at fault;

G. The damages, if any, suffered by the plaintiffs.

**By Defendant, Sheriff Gautreaux:**

- Whether Plaintiffs have met the requirements for class certification.

- Whether the Plaintiffs' constitutional and/or statutory rights were violated.

- Whether Sheriff Gautreaux did anything to constitute a violation of any federal or state law.

- Whether Sheriff Gautreaux is entitled to qualified immunity.

- Whether Sheriff Gautreaux is liable under Section 1983 in his individual capacity.

- Whether Sheriff Gautreaux is liable under Section 1983 in his official capacity.

- Whether the contributory or comparative fault of the Plaintiffs and/or third parties caused the alleged damages.

- Whether Plaintiffs are entitled to damages and attorney fees under 42 USC § 1983.

**By State Police Superintendent Edmonson:**

Colonel Edmonson disputes federal jurisdiction. Alternatively, if jurisdiction is found, Edmonson disputes that plaintiffs have stated a claim against him upon which relief may be

granted. Alternatively, if a claim for relief has been stated, defendants other than Edmonson face exposure, not Edmonson and the State Police. Should Edmonson not prevail on his FRCP 12(b) motion and is required to undergo discovery, disputes will arise involving the extent of permissible discovery regarding State Police records and communications pertaining to the conduct of State Police personnel during the demonstrations.

**E.    DAMAGES:**

**By Plaintiffs:**

Each of the plaintiffs and class members has suffered monetary and non-monetary harm including deprivation of Constitutional rights and loss of liberty. plaintiffs and class members have suffered and will suffer and are entitled to compensation for:

1. Lost wages, past, present, and future;
2. Expenses incurred to post bond;
3. Administrative fees and expenses paid to Defendants;
4. Court costs and fees;
5. Criminal defense attorneys' fees to obtain release;
6. Criminal defense attorneys' fees to defend against criminal charges;
7. Future attorneys' fees, costs and filing fees to obtain expungement of criminal arrest records; and
8. Such other damages as may be proven at trial associated with the expenses of arrest and expungement.

Plaintiffs will define the damages described in paragraphs 2, 3, 4 and 7, once defendants provide the schedule(s) of fees associated with arrest and expungement by the various Louisiana law enforcement and government agencies.

Plaintiffs' Complaint requests an award of reasonable attorneys' fees for attorney time and efforts that were provided pro bono, pursuant to 42 U.S.C. section 1988.

**By Defendants:**

Defendants contend that some of the plaintiffs and class members' bonds were paid by others, and, therefore, plaintiffs and class members are not appropriate parties to recover such damages. Plaintiffs contend that defendants are not entitled to receive the benefit of payments by such collateral sources, and therefore, the sources of the bond funds are not relevant.

{00563378 - v1}                                          8

**By City of Baton Rouge, Baton Rouge Police Chief Carl Dabadie, Jr., and Mayor Melvin "Kip" Holden:**

Defendants allege that the Plaintiffs have not suffered any loss, and as such are not entitled to damages. Defendants' have qualified immunity in this matter.

**By Sheriff Gautreaux:**

Defendant, Sheriff Gautreaux denies liability for any damages in this case.

**By State Police Superintendent Edmonson:**

Colonel Edmonson submits that no plaintiff is entitled to recover damages from any of the defendant law enforcement agencies. Alternatively, if damages are found to be owed, they are owed by defendants other than Edmonson and the State Police.

F. **SERVICE**

Defendants do not object to service, process or venue. Defendants, per their pending Rule 12(b) (1) motions, dispute the existence of federal jurisdiction.

G. **DISCOVERY**

**By Plaintiffs:**

After the exchange of Initial Disclosures, plaintiffs intend to propound interrogatories, requests for production of documents and requests for admissions to defendants. In the event this Court may be inclined to grant defendants' motions for dismissal based upon the affirmative defense of qualified immunity, plaintiffs will request time to conduct preliminary discovery

regarding qualified immunity. Thereafter, plaintiffs anticipate fact and expert discovery relative to class certification and to the merits of plaintiffs and class members' claims.

**By Sheriff Gautreaux:**

Sheriff Gautreaux objects to having to respond to and/or engage in discovery prior to a ruling on their Motion to Dismiss, wherein they asserted the defense of qualified immunity. Sheriff Gautreaux anticipate calling an expert on proper protocol for handling protests and arrests and may also witnesses in any specialty in which Plaintiffs identify experts.

**By State Police Superintendent Edmonson:**

In compliance with the Court's previously issued status conference order, Colonel Edmonson will provide FRCP 26 initial disclosures at least seven days prior to the status conference set for October 6, 2016. In view of his pending FRCP 12(b) motion, Edmonson has not yet pursued or propounded any discovery. In the event his FRCP 12(b) motion is denied, Edmonson anticipates that one or more protective orders will be necessary to preclude or limit the disclosure of various State Police records, documents, and communications.

Colonel Edmonson has requested a status conference to regarding the scope of evidence to be preserved, and the costs of storing and accessing evidence. Counsel mentioned that evidence may exist on employees' personal cell phones and other devices.

### H. <u>PROPOSED SCHEDULING ORDER:</u>

**By Plaintiffs:**

Plaintiffs request entry of a scheduling order setting deadlines for discovery, pretrial motion practice and a speedy trial of this matter**.** Plaintiffs object to Defendants proposed schedule (below), which would delay trial until July or August, 2018; two years after the events at issue. Amendment of pleadings, discovery regarding class certification, fact witness discovery and

identification of experts can be completed by December 31, 2016. Expert discovery, Daubert motions and dispositive motions can be completed by February 28, 2017, followed by trial in May, 2017.

**By Defendants, Sheriff Gautreaux, City, Parish, Chief Dabadie and Mayor Holden:**

1. Exchanging initial disclosures required by FRCP 26(a)(1): Unless the parties make disclosures within the time required by Local Rule 26(b), the parties may propose an alternative deadline for making such disclosures. Defendant Sheriff Gautreaux is prepared to make initial disclosures within the time required by Local Rule 26(b).
2. Deadlines for amending the complaint, or adding new parties, claims, counterclaims or cross claims: December 1, 2016
3. Filing all discovery motions and completing all discovery except experts: July 28, 2017
4. Disclosure of identities and resumes of expert witnesses
   Plaintiffs: August 25, 2017
   Defendants: September 29, 2017
5. Exchange of expert reports: Plaintiff - September 29, 2017 and Defendants - October 27, 2017
6. Completion of discovery from experts: January 12, 2018
7. Filing dispositive motions and Daubert motions: February 23, 2018
8. Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).
9. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).
10. Deadline to file responses to motions in limine (approximately 22-24 weeks after dispositive motion deadline).
11. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

12. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

13. Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

14. Trial date (approximately 27-29 weeks after dispositive motion deadline).

**By State Police Superintendent Edmonson:**

Regarding pre-trial deadlines and cutoff dates, Colonel Edmonson will defer to whatever scheduling order is mutually agreed upon by plaintiffs and the other defendant law enforcement agencies/personnel.

**I. TRIAL:**

**By Plaintiffs:**

Plaintiffs estimate that evidentiary hearing on class certification will take one (1) day.

Plaintiffs estimate that the trial on the merits will take three (3) days.

**By Defendants:**

Colonel Edmonson has not yet filed an answer; should he be required to do so, he may or may not request a jury trial. Defendants estimate that trial will take at least two weeks.

**J. OTHER MATTERS:**

Defendant, Sheriff Gautreaux would like to discuss not engaging in discovery until their Motion to Dismiss is ruled upon in light of their assertion of the defense of qualified immunity.

In addition, Defendant, Sheriff Gautreaux would like to discuss the "anti-spoliation" notice sent to defendants by Plaintiffs' counsel.

**K. SETTLEMENT:**

**By Plaintiffs:**

Plaintiffs are amenable to engaging in settlement discussions. Plaintiffs have circulated a proposed Consent Judgment to the District Attorney and will circulate a proposed Consent Judgment to all defendants.

**By Sheriff Gautreaux:**

It may be too early at this time, but at some point in the litigation a settlement conference may be appropriate.

**By State Police Superintendent Edmonson:**

No efforts have been undertaken by Colonel Edmonson at this early stage of the litigation to engage in settlement discussions.

**L.   CONSENT TO JURISDICTION BY MAGISTRATE JUDGE:**

At this time, the parties do not consent to jurisdiction for trial by a Magistrate Judge.

Respectfully submitted,

*/s/ Celeste Brustowicz*

**Burglass and Tankersley, LLC**
Dennis J. Phayer (10408)
dphayer@burglass.com
Celeste Brustowicz (16835)
cbrustowicz@burglass.com
5213 Airline Drive
Metairie, LA 70001
Tel: (504) 836-0428
Fax: (504) 287-0468
Attorneys for defendant, Colonel Michael Edmonson, Superintendent of the Louisiana State Police, in his official capacity

AND

/s/ Deelee S. Morris /
  Deelee S. Morris (#28775)
  Assistant Parish Attorney
  Tedrick K. Knightshead (#28851)
  First Assistant Parish Attorney
  225 St. Louis Street, 9th Floor
  Baton Rouge, LA 70802
  Tel: 225-389-3114
  Fax: 225-389-8736
  E-Mail: dsmorris@brgov.com
  Attorneys for City of Baton Rouge / East Baton Rouge Parish, Police Chief Carl Dabadie, Jr., and Mayor Melvin "Kip" Holden

AND

**ERLINGSON BANKS, PLLC**

*s/ Catherine S. St. Pierre*

 MARY G. ERLINGSON (#19562)
CATHERINE S. ST. PIERRE (#18419)
TARA L. JOHNSTON (#28100)
One American Place
301 Main Street, Suite 2110
Baton Rouge, Louisiana 70801
Telephone: (225) 218-4446
Facsimile: (225) 246-2876
Attorneys for Sheriff Sid Gautreaux

AND

/s/ Dale R. Lee /
Dale R. Lee (#20919)
East Baton Rouge Parish
    District Attorney's Office
222 St. Louis Street, 5th Floor
Baton Rouge, LA 70802
Tel: 225-389-3435
E-Mail: dale.lee@ebrda.org
Attorney for Hillar C. Moore, III

And

/s/ John K. Etter
Roy J. Rodney, Jr. (La. Bar No. 2079)
John K. Etter (La. Bar No. 25042)
Rodney & Etter, LLC
365 Canal Street, Suite 2690
New Orleans, LA 70130
Telephone: 504-483-3224
Facsimile: 504-483-2259
E-Mail: rjr@rodneylaw.com
E-Mail: jke@rodneylaw.com

**Certificate of Service**

Undersigned counsel for plaintiffs hereby certifies that all counsel of record have been served with the foregoing Joint Status Report via this Court's e-filing system.

New Orleans, Louisiana, this 22nd day of September, 2016.

/s/ John K. Etter /

John K. Etter