# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERAY MCKESSON ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 3:16-cv-00520 JWD-EWD** |
| **CITY OF BATON ROUGE, ET AL.** | **(CLASS ACTION)** |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE PLAINTIFFS' COMPLAINT FOR DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS

**NOW INTO COURT,** through undersigned counsel, comes defendant Hillar C. Moore, III, East Baton Rouge Parish District Attorney in his official capacity, (hereinafter referred to as "DA"), who, in accordance with Local Civil Rule 7(d), respectfully submits the following memorandum in support of his motion to dismiss the complaint filed by plaintiffs pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

## I. Preliminary Statement

Plaintiffs have filed a complaint seeking damages from various law enforcement organizations following the alleged unconstitutional arrests of several persons (alleged to be a class) who were protesting in the aftermath of the shooting death of Alton Sterling by law enforcement officers. Plaintiffs' complaint fails to overcome the requirements of subject matter jurisdiction in at least two regards: 1) there is no allegation that the DA has, or at some future date will, violate the

1

constitutional rights of these defendants; and, 2) the remedy sought by plaintiffs is provided under state law and statutes; thus, actions in federal court should be precluded under the *Younger* abstention doctrine. Accordingly, dismissal of plaintiffs' §1983 action against the DA in its entirety is requested.

Additionally, Plaintiffs fail to state a claim upon which relief may be granted as it relates to the DA. The relief sought against the DA relates to the state expungement process. Specifically, the plaintiffs seek to force the DA to comply with state law regarding the expungement of arrest records without the necessity of payment prior to the actual filing of such requests in state court.[1] Thus, the Complaint presents this Court with the issues of no cause of action.

## II. Facts

In July 2016, police arrested approximately 185 people during the protests which took place in Baton Rouge. Although the DA had not yet formally filed bills of information or indictments against any of those arrested in connection with the protests, on July 15, 2016, the DA released the following media release which best summarizes the DA's actions taken with respect to the arrests stemming from those protests:

> Today, District Attorney Hillar C. Moore, III announced that after reviewing 185 individual affidavits of probable cause for arrests occurring between 7/8/15 and 7/11/15, he has determined that he will not prosecute approximately 100 of these cases involving protestors

---
[1] *See generally*, La. Code Crim. Proc. Articles 972-983.

2

only charged with the misdemeanor crimes of obstruction of a roadway or public passage. These particular cases only involve facts where the person arrested failed to comply with an officer's direction to leave the roadway or public passage. While all citizens have the right to assemble and protest, they do not have the right to block streets and impede the flow of traffic. Under Louisiana law, first-time offenders, should they avoid further arrests and convictions, may have their misdemeanor arrests expunged from the criminal history records of the State of Louisiana at no cost.

A few hours later, the DA issued another release with the names of ninety-eight people who were arrested with misdemeanor charges of obstructing a highway in violation of La. R.S. 14:97[2] and will not be prosecuted. It is believed that these persons are the purported class of plaintiffs in the instant case.

## Summary of Plaintiffs' Claims Against The DA

Plaintiffs added the DA in his official capacity to the instant lawsuit in their First Amended and Supplemental Complaint by Paragraph 10a stating, "To obtain expungement of their arrest records, the plaintiffs and proposed class members require the cooperation and action of the District Attorney[.]" The relief sought by Plaintiffs against the DA are listed in Paragraph 69(a)(H), requesting an order "requiring District Attorney Hillar C. Moore, III, to process and execute an Affidavit of Response pertaining to all class members or individual Affidavits of

---

[2] La. R.S. 14:97, defines "simple obstruction of a highway of commerce" as "the intentional or criminally negligent placing of anything or performance of any act on any railway, railroad, navigable waterway, road, highway, thoroughfare, or runway of an airport, which will render movement thereon more difficult." It is punishable by a fine of not more than two hundred dollars, or imprisonment for not more than six months, or both.

Response for each of the class members, which is required to obtain expungement of their arrest record[,]" and in Paragraph 69(a)(K), "requiring District Attorney Hillar C. Moore, III, to process and execute a Certification of Fee Waiver pertaining to all class members" in order to avoid the necessity of paying any state mandated fees for expungements. All other requests for relief are directed against other defendants or all arresting agencies and do not apply to the DA defendant. Thus, it appears that the relief sought against the DA from this Court is an order that the DA should sign affidavits attesting that he will comply with Louisiana law at such time as Plaintiffs seek their state court remedy of expungement.

### III. Legal Authorities

#### A. Legal Standards Governing Rule 12(b)(1) and (6) Motions

Federal courts are courts of limited jurisdiction and lack the power to adjudicate in the absence of jurisdiction specifically conferred by the Constitution of the United States or federal statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The plaintiff has the burden of establishing that jurisdiction exists. *Venable v. Louisiana Workers' Comp. Corp*., 740 F.3d 937, 941 (5th Cir. 2013). A federal court can exercise jurisdiction only where the case satisfies the well-pleaded-complaint rule. To assess whether the case arises under federal law, the court must look only to "what necessarily appears in the plaintiff's statement of

his own claim ... unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914); *Venable v. Louisiana Workers' Comp. Corp.,* 740 F.3d 937, 942 (5th Cir. 2013).

Regarding Rule 12(b)(6), plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Ashcrof v. Iqbal*, 556 U.S. 662, 667 (2009). This standard is met when plaintiffs plead facts that allow the court to draw "the reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal*, 566 at 674. The possibility that plaintiffs' claims are true is insufficient to state a legally sufficient complaint. *Iqbal*, 566 at 678.

### B. Lack of Subject Matter Jurisdiction

Plaintiffs' instant filing must be dismissed with respect to the DA as this Honorable Court lacks subject matter jurisdiction over any state proceedings to obtain expungements that may arise from the cited arrests. Plaintiffs reference no federal statutory or constitutional provision that the DA is alleged to have violated. Nor have plaintiffs alleged that the DA's past or future actions will result in said violation. Thus, there is no basis in this case for the assertion of federal authority over the DA.

It appears that Plaintiffs are seeking some manner of injunctive relief, directing the DA to perform certain tasks that are within his state statutory

authority. However, a federal court does not possess plenary authority to order state officials to follow state law.

Federal Rule of Civil Procedure 65 vests a federal court with the equitable power to issue an injunction in an action over which it has subject matter jurisdiction. *Hardin v. Cooper*, 725 F.Supp. 284, 285 (D.S.C.1989), citing 7 J. Moore, J. Lucas, and K. Sinclair, Moore's Federal Practice ¶ 65.03[3] (2nd ed. 1987). Rule 65, however, does not confer jurisdiction on the district court, and thus the plaintiff must demonstrate the existence of some independent basis for federal jurisdiction. *Id.*

Plaintiffs do not cite any federal statute or constitutional violation by the DA. Nor do Plaintiffs assert that the state expungement statutes and procedures are inadequate to address their concerns. While this Court may enjoin state officials from violating federal law, there is no such authority to permit federal courts to prospectively enjoin state officials from violating state law, including state expungement law, unless the state law itself somehow violates a federally protected right. *Williams v. Joiner*, 62 F.3d 393 (5th Cir. 1995).

"The normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." Y*ounger v. Harris*, 401 U.S. 37, 45, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 (1971). The plaintiff in *Younger* sought federal-court adjudication of the constitutionality of the California

Criminal Syndicalism Act. In holding that abstention was in order, the *Younger* Court explained, "[R]estraining equity jurisdiction within narrow limits, prevent[s] erosion of the role of the jury and avoid[s] a duplication of legal proceedings and legal sanctions." 401 at 44, 91 S.Ct. 746 [internal citation omitted]. To protect notions of equity, comity, and federalism, courts of equity should not act to restrain a criminal prosecution when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief. *Younger,* 401 U.S. at 41 [Emphasis added]. Furthermore, the irreparable injury must be "both great and immediate" and the "threat to the plaintiff's federally protected rights" is only irreparable if it "cannot be eliminated by ... defense against a single prosecution." *Younger,* 401 U.S. at 46, 91 S.Ct. at 751 (quoting *Fenner v. Boykin,* 271 U.S. 240, 243, 46 S.Ct. 492, 493, 70 L.Ed. 927 (1926)).

Plaintiffs have failed to cite any federal statute that provides this Court with jurisdiction to require particular actions by the DA in state court proceedings that have yet to be filed. Plaintiffs have also failed to overcome the presumption of abstention with respect to the DA's authority to resolve the expungement process in state court following state statutory law. The State of Louisiana has a strong interest in enforcing its criminal and expungement laws. Plaintiffs have not alleged that any of those laws are unconstitutional on their face. Even if they had made such an allegation, they would still fail to survive the abstention rules established

in *Younger* and *Steffel*. See *Steffel v. Thompson*, 415 U.S. 452, 474-475 n. 21, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974), ("Abstention ... might be more appropriate when a challenge is made to the state statute as applied, rather than upon its face, since the reach of an uncertain state statute might, in that circumstance, be more susceptible of a limiting or clarifying construction that would avoid the federal constitutional question.")

Since Plaintiffs have failed to assert any basis for federal subject matter jurisdiction for the relief sought, their petition must be dismissed.

### C. Failure to State A Claim Upon Which Relief Can be Granted

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Bell Atlantic Corporation et al. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Id*, at 555, 127 S.Ct. 1955. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor will a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The *Iqbal* court states,

8

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id*., at 557, 127 S.Ct. 1955.

The Supreme Court in *Iqbal* further noted that "Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "Second, ***only a complaint that states a plausible claim for relief survives a motion to dismiss.***" (Emphasis added)

Plaintiffs seek declaratory, injunctive relief, and damages pursuant to Title 42 U.S.C. section 1983 which provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

As noted by the Supreme Court in *Connick v. Thompson*, 563 U.S. 51, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011), "A municipality or other local government

may be liable under this section if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation. But, under section 1983, local governments are responsible only for "their *own* illegal acts." They are not vicariously liable under section 1983 for their employees' actions or the actions of other agencies. Further, plaintiffs who seek to impose liability on local governments under section 1983 "must prove that 'action pursuant to official municipal policy' caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are "actions for which the municipality is actually responsible." The *Connick* court goes on to delineate the very limited circumstances under which "a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of section 1983." The facts and allegations presented in the instant complaint do not fit under the *Connick* definition of very limited circumstances.

Further still, the *Connick* court noted that "Attorneys are trained in the law and equipped with the tools to interpret and apply legal principles, understand constitutional limits, and exercise legal judgment." *Connick*, 563 U.S. at 64.

In the present case, Plaintiffs' general allegations are aimed at the events that occurred when they were arrested while engaging in protest activities. Plaintiffs do not allege that the DA had any control whatsoever over the arresting agencies. Further, the only allegation directed at actions or inactions by the DA refer to state expungement proceedings which plaintiffs have yet to start in motion. Instead, they seek peremptory assurances that the DA will approve their fee waiver requests and expungements prior to the filing of such request in state court and that the DA will approve their expungement requests prior to the review of the application by state officials, including the DA. In essence, plaintiffs are requesting that the DA agree to grant the fee waiver and expungement applications in state court, before the actual applications are filed. However, the Plaintiffs fail to cite any federal authority for such a broad assertion of federal rights. In fact, Plaintiffs' allegations focus on what the DA might do at some future point when they apply for a state expungement. None of the allegations leveled against the DA states a federal cause of action, because the claims are by their nature speculative and prospective. Plaintiffs fail to allege that the DA has taken any action contrary to a federal right. Further, Plaintiffs fail to allege that the DA's inactions have resulted in a violation of a federal right. Instead, they speculate on whether the DA will or will not follow state law at some future point in time. This speculation leads to Plaintiffs'

request that this Court issue orders to the DA in order to direct that state official to resolve a future state procedure in the manner that Plaintiffs desire.

Further in their complaint, Plaintiffs cite various facts directed at the local police authorities but fail to assert any specific facts for bringing a claim against the DA. Essentially, the Plaintiffs are asking this Court to issue a directive to the DA requiring that he follow Louisiana law regarding expungements. The contemplated order would amount to such great intrusion as to offend the dignity of a separate sovereign. For this reason, the DA submits that this is not the role of the judiciary in general, or the federal court with respect to state expungement proceedings. First, the judiciary typically reviews the actions of the executive branch and state actors after they have taken some action in order to determine if there has been a violation of their constitutional authority or if they have violated the constitutional rights of individuals. Here, Plaintiffs have made no such allegation. In fact, they are requesting that this Court issue a pre-emptive order to the DA to apply the law prospectively in the way that Plaintiffs desire. In the ordinary course of events it seems highly irregular for a federal court to issue a directive to a state prosecutor to instruct that prosecutor how he should apply state law regarding expungements. That same order may as well instruct the prosecutor to "do your job." This is the precise reason why the *Younger* abstention permits the state criminal case to go forward, i.e., in order to allow state officials to apply

the constitution prior to interfering with their efforts. In the event that the state official does not apply the constitution correctly, the aggrieved party would then have the opportunity for appellate review as well as federal review of the resulting state court action.

In *Cevalles v. Silva*, 541 Fed.Appx. 390 (5th Cir. 2013), the Fifth Circuit further explained that in order to establish municipal liability, "The plaintiff must identify: '(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom.'" Plaintiffs have failed to make any such assertion in this case.

Plaintiffs herein have failed to allege that either action, or inaction, on the part of the DA, much less "action pursuant to official municipal policy." In fact, except for the section of Plaintiffs' complaint delineating parties, and Plaintiffs' prayer for injunctive relief, District Attorney Hillar Moore is not even mentioned or discussed.

*Treece v. State of Louisiana, et al.*, (E.D. Louisiana 2000), 2000 WL 1480356, involved a similar deficiency in pleading. In that case, the plaintiff, who was serving a sentence for five counts of armed robbery, sued the Attorney General, the Orleans Parish District Attorney, and the New Orleans Police Department for damages for alleged improper seizure of property in his possession

at the time of his arrest. The Attorney General and the District Attorney both filed 12(b)(6) motions for failure to state a claim upon which relief can be granted. The district court granted the Attorney General's 12(b)(6) motion on Eleventh Amendment grounds. With regard to the District Attorney, the court recognized that pursuant to *Hudson v. City of New Orleans*, 174 F.3d 677, 691 (5th Cir. 1999), the Fifth Circuit determined that the Orleans Parish District Attorney's Office was not an arm of the State entitled to Eleventh Amendment immunity, and, as such, the District Attorney could be sued in his official capacity under 42 U.S.C. §1983 ("Section 1983") for actions in furtherance of alleged violations against a plaintiff's civil rights. The district court, citing *Spiller v. City of Texas, et al.*, 130 F.3d 162 (5th Cir. 1997), nonetheless granted the District Attorney's 12(b)(6) motion on other grounds. As explained by the Fifth Circuit in *Spiller,*

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom 'was a cause in fact of the deprivation of rights inflicted.' *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 525 (5th Cir. 1994). To satisfy the cause in fact requirement, a plaintiff must allege that 'the custom or policy served as the moving force behind the [unconstitutional] violation' at issue, *Meadowbriar Home For Children, Inc. v. Gunn,* 81 F.3d 521, 525 (5th Cir. 1996), or that her injuries resulted from the execution of the official policy or custom, *Fraire v. Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992). The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts. *Id.* At 1278." *Spiller v. City of Texas, et al.*

The district court found that "Treece fails to show this Court that Connick or any of his agents acted in accordance with a certain custom or policy of the District Attorney's Office in violating his constitutional rights. Treece simply names Connick as a defendant in this lawsuit. Thus, Treece's claim fails to state a cause of action against Connick."

Similarly, in the suit before this Honorable Court, Plaintiffs "simply name" Defendant Hillar C. Moore, III, in his official capacity, stating that to obtain an expungement, Plaintiffs will "require the cooperation and action of the District Attorney." Again, this is merely a restatement of Louisiana law regarding expungements with no reference to federal law. Plaintiffs have failed to even allege, much less show, that the DA or any of his agents acted with a certain custom or policy of the District Attorney's Office in violating Plaintiffs' constitutional rights. As such, the DA respectfully submits that his FED. R. CIV. P. 12(b)(6) should be granted, and plaintiffs' complaint dismissed with respect to the DA, for failure to state a claim upon which relief can be granted.

RESPECTFULLY SUBMITTED,

HILLAR C. MOORE, III
DISTRICT ATTORNEY

/s/ DALE R. LEE, # 20919
ASSISTANT DISTRICT ATTORNEY
19TH JUDICIAL DISTRICT
222 ST. LOUIS STREET, 5TH FLOOR
BATON ROUGE, LOUISIANA 70802
TELEPHONE: (225)389-3476

*On Behalf of Defendant Hillar Moore*

# **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 25th day of September, 2016, a copy of the above and foregoing pleading was filed electronically with the Clerk of Court by using the CM/ECF system.  Notice of this filing will be sent to all CM/ECF participants by operation of the court's electronic filing system and to non-CM/ECF participants by placing same in the United States mail, properly addressed, with first-class postage affixed thereto.

/s/    Dale R. Lee
       Counsel for Defendant