# FIRST AMENDED MEMORANDUM OF UNDERSTANDING

This First Amended Memorandum of Understanding ("MOU") memorializes a Settlement Agreement reached on November 28, 2016 and the subsequent amendments thereto, between authorized representatives of the class action plaintiffs individually and on behalf of the members of the proposed settlement class as defined in Section 2 herein (hereinafter referred to as "Plaintiffs") in the case of DeRay McKesson, Kira Marrero, Gloria La Riva and Brandon Wayne Erp v. City of Baton Rouge; East Baton Rouge Parish; Melvin "Kip" Holden, Mayor-Parish President; Carl Dabadie, Jr., Chief of Police, Baton Rouge; Sid J. Gautreaux, III, Sheriff of East Baton Rouge; Colonel Michael Edmondson, Superintendent, Louisiana State Police; Hillar C. Moore, III, District Attorney (herein after referred to as "Defendants") filed in the United States Middle District of Louisiana, Civil Action No. 3:16-cv-00520 (hereinafter referred to as the "Litigation"), and authorized representatives of Defendants and AIX Group doing business as Nova Casualty Company (herein after referred to as "Nova") related to the matters, risks, and claims asserted by Plaintiffs against Defendants in the Litigation. Plaintiffs and Defendants sometimes referred to collectively herein as "the Parties."

1. <u>Court Approval.</u> The Parties understand and agree that this document sets forth the understanding of the Parties that they have reached a full and final settlement, but the Parties also understand and agree that for the settlement to be effective they must obtain the necessary court approval and execute the necessary class action settlement documents, including releases and dismissals in accordance with the terms of this MOU. The Parties further understand and agree that for the settlement to be effective representatives of Plaintiffs and Defendants, must agree to and the Court must

EXHIBIT "A"

1

approve the timing, content and method of providing notice of the settlement to the class.

2. <u>Definition of Settlement Class.</u> The "Settlement Class" shall be defined as following: All persons arrested in connection with protests in Baton Rouge, Louisiana between July 6, 2016 and July 11, 2016 for the single charge of Simple Obstruction of a Highway pursuant to La. R.S. 14:97, who were not charged with any additional legal violation, and who had no outstanding warrants except for those persons who execute a timely and valid opt-out or exclusion request pursuant to Section 8 of this MOU. (the "Settlement Class") Defendants estimate that there are approximately between seventy and eighty potential members of the Settlement Class.

3. <u>No Admission of Liability.</u> It is understood and agreed that agreements contained herein and the consideration given are to compromise and settle disputed claims, avoid litigation, and buy peace, and that no payment made nor releases or other consideration given shall constitute an admission of liability, all liability being expressly denied. In addition, the agreements contained herein are in no way an admission of disputed facts. In the event, the case and/or claims are not resolved by this MOU, it is agreed and understood that the Defendants and Nova do not consent or concede to proceeding by Class Action and the burden to prove entitlement to class action procedure/status remains with Plaintiffs as provided by law.

4. <u>Release.</u> It is understood and agreed that the Plaintiffs who have not opted out will execute a release and dismissal, releasing and dismissing, with prejudice, any and all claims made against Defendants and their predecessors, successors, assigns, and

agents, officers, employees, and representatives of any of them, including any direct actions filed against or that could have been filed against Nova and any other company corporately affiliated with any of them and their predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, and agents, and the officers, directors, employees, agents, shareholders and representatives of any of them, arising out of Plaintiffs' arrests, detention and incarceration pursuant to La. R.S. 14:97 while protesting in Baton Rouge, Louisiana between July 6, 2016 and July 11, 2016. The claims to be released specifically include any claims that were brought or could have been brought against Nova. In addition, the claims to be released specifically include any and all claims brought in the Litigation against the Defendants, as well as any and all other later claims brought in any other actions and lawsuits arising out of Plaintiffs' arrests detention and incarceration pursuant to La. R.S. 14:97 while protesting in Baton Rouge, Louisiana between July 6, 2016 and July 11, 2016. The authorized representatives of Plaintiffs collectively represent that they have the authority from the class representatives to settle and to take all steps necessary to effectuate this settlement agreement on behalf of Plaintiffs.

5. <u>Payment.</u> In consideration for the agreements and releases provided in this MOU, Defendants and Nova agree to the following upon final approval of the settlement by the Court, execution of the release and dismissal of Plaintiffs' claims:

   a. Defendants will pay $230.00 and Nova will pay $270.00 to each member of the Settlement Class who was in custody for less than three days.

b. Defendants and Nova will pay a total of $750.00 to each member of the Settlement Class who was in custody for three days.

c. Defendants and Nova will pay a total of $1,000.00 to each member of the Settlement Class who was in custody for four days.

b. Defendants will file and process a motion to expunge charges of Simple Obstruction of a Highway of Commerce pursuant to La. R.S. 14:97 as to Settlement Class members. Defendants will expedite the processing of said expungements, obtain said expungements, and provide a signed order for said expungements.

c. Defendants will assume all costs of said expungements and waive all of their respective fees customarily charged for said expungements.

d. Defendants will pay all costs of notice of the settlement.

e. Defendants will reimburse any Settlement Class member who paid a fee to obtain a bond from a bondsman.

f. Any cash bond posted by or on behalf of a Settlement Class member will be returned to the individual posting said bond without payment of the customary associated bond release fees.

g. Defendants will provide a no-bill letter to all Settlement Class members explaining that the charges related to Settlement Class members' arrest pursuant to La. R.S. 14:97 were refused and the records of the arrest ordered expunged.

    h. Defendants will pay all reasonable attorney fees as may be agreed to among Defendants' counsel and Plaintiffs' counsel after the agreement as to the principal settlement between the class members and Defendants. If Defendants' counsel and Plaintiffs' counsel are not able to agree to attorney fees, the issue will be referred to the court for a final decision to be accepted by all parties.

    i. The entire amount paid by Defendants and Nova is sometimes referred herein as "Settlement Funds."

6. <u>Preliminary Approvals.</u> Within 21 days of execution of this MOU, the counsel for Defendants and Plaintiffs will jointly move for i) preliminary approval of the settlement and approval of the form and manner of notice of the proposed settlement to the Class and ii) that the Litigation be stayed pending the final settlement approval; and (iii) certification of the class for settlement purposes.

7. <u>Notice.</u> The parties agree to propose to the Court that notice to the potential members of the Settlement Class will be by U.S. first class mail only. Defendants agree to prepare a mailing list of the names and addresses of all potential members of the Settlement Class. Within 21 days of preliminary approval of the settlement and the form and manner of notice of the proposed settlement, Defendants' counsel shall send notice to the potential members of the Settlement Class.

8. <u>Exclusion from Class.</u>

    a. Each individual who properly returns to Plaintiffs' counsel a timely written request for exclusion/opt-out shall be excluded from the Settlement Class and

   shall have no rights under this MOU or the class settlement agreement. An exclusion/opt-out request shall be deemed timely if it is postmarked no later than 45 calendar days after the initial notice mailing date.

   b. No later than 60 calendar days after the initial notice mailing date, Plaintiffs' counsel shall file and serve a declaration identifying all individuals who have made a timely and valid request for exclusion/opt-out.

   c. Defendants and Nova reserve the right to withdraw from the settlement if more than 20 percent of potential class members opt out of the Settlement Class. Defendants and Nova will give notice within 10 days after receipt of notice of the number of potential class members who have elected to opt out whether they will exercise their right to withdraw from the settlement. Defendants and Nova agree not to count potential class members specifically named in the lawsuit captioned Tennart, et al v. City of BR, et al. 17-cv-179-BAJ-RLB in the 20 percent.

9. <u>Fairness Hearing.</u> The final approval hearing will be held on such date as the Court, in its discretion may order. In the event the class settlement agreement as set forth in this MOU and any final settlement agreement is not given final approval in all material respects, or the Court's final approval order is reversed on appeal, this MOU and any class settlement agreement will become null and void.

10. <u>Dismissal.</u> No later than 30 days after the Court's granting of final approval of the settlement, Plaintiffs' counsel will file a motion to dismiss all claims against Defendants in the Litigation with prejudice.

11. <u>Timing of Payment and Expungements.</u> Within 14 days of granting of final approval of the settlement and dismissal as set forth above, and after Plaintiffs notification to Defendants of the total number of potential members of the Settlement Class who have opted out. Defendants and Nova will deliver their portion of the Settlement Funds to Plaintiffs' counsel. Within 7 days of final approval of the proposed settlement and dismissal as set forth above, Defendants will begin the process of obtaining the expungements of the members of the Settlement Class.

12. <u>Distribution.</u> The parties agree to recommend to the Court that Plaintiffs' counsel will handle the claims administrative process in-house and that no Special Master or court appointed disbursement agent needs to be hired. Subject to approval of the Court, after receiving the settlement proceeds, the Plaintiffs' counsel will be appointed as administrator. Within 5 business days of the final approval of the settlement and dismissal, Plaintiffs' counsel will proceed with the distribution process. Defendants will not be called upon to participate in the distribution process or to pay or contribute any additional funds above the payment amounts listed in this MOU. Defendants will not be responsible for any fees, costs or expenses including attorneys' fees, relating to the distribution process or its administration.

13. <u>Headings.</u> Headings and captions contained in this MOA are for the purposes of identification only and shall not be considered in construing this Agreement.

14. <u>Choice of Law.</u> All disputes or issues regarding interpretation and enforcement of the agreement shall be determined under Louisiana law.

This Agreement is made to memorialize the settlement reached on November 28, 2016 and the subsequent amendments thereto.

---

*Counsel for Plaintiffs*

Printed Name

Date:_____

---

*Counsel for Sid J. Gautreaux, III, Sheriff of East Baton Rouge*

Printed Name

Date:_____

---

*/s/ Deelee Morris*
*Counsel for City of Baton Rouge, East Baton Rouge Parish, Mayor Melvin "Kip" Holden, Carl Dabadie, Jr., Chief of Police, Baton Rouge*

Deelee Morris
Printed Name

Date: 4/27/17

---

*Counsel for Colonel Michael Edmondson, Superintendent, Louisiana State Police*

Printed Name

Date:_____

---

*Counsel for Hillar C. Moore, III, District Attorney*

Printed Name

Date:_____

---

*Representative of AIX Group doing business as Nova Casualty Company*

Printed Name

Date:_____

8

This Agreement is made to memorialize the settlement reached on November 28, 2016 and the subsequent amendments thereto.

_____
*Counsel for Plaintiffs*

Printed Name

Date:_____

_____
*Counsel for Sid J. Gautreaux, III, Sheriff of East Baton Rouge*

Printed Name

Date:_____

_____
*Counsel for City of Baton Rouge, East Baton Rouge Parish, Mayor Melvin "Kip" Holden, Carl Dabadie, Jr., Chief of Police, Baton Rouge*

Printed Name

Date:_____

_____
*Counsel for Colonel Michael Edmondson, Superintendent, Louisiana State Police*

Printed Name

Date:_____

___/s/ D. R. _____
*Counsel for Hillar C. Moore, III, District Attorney*

Dale R. Lee
Printed Name

Date: 4/27/17

_____
*Representative of AIX Group doing business as Nova Casualty Company*

Printed Name

Date:_____

8

This Agreement is made to memorialize the settlement reached on November 28, 2016 and the subsequent amendments thereto.

_____  
*Counsel for Plaintiffs*

*Catherine St. Pierre* (signature)  
*Counsel for Sid J. Gautreaux, III, Sheriff of East Baton Rouge*

_____  
Printed Name

Catherine St. Pierre  
Printed Name

Date:_____

Date: 4-28-17

_____  
*Counsel for City of Baton Rouge, East Baton Rouge Parish, Mayor Melvin "Kip" Holden, Carl Dabadie, Jr., Chief of Police, Baton Rouge*

_____  
*Counsel for Colonel Michael Edmondson, Superintendent, Louisiana State Police*

_____  
Printed Name

_____  
Printed Name

Date:_____

Date:_____

_____  
*Counsel for Hillar C. Moore, III, District Attorney*

_____  
*Representative of AIX Group doing business as Nova Casualty Company*

_____  
Printed Name

_____  
Printed Name

Date:_____

Date:_____

8

This Agreement is made to memorialize the settlement reached on November 28, 2016 and the subsequent amendments thereto.

_Roy J. Rodney, Jr._
Counsel for Plaintiffs

_Roy J. Rodney Jr._
Printed Name

Date: _April 27, 2017_

_____
Counsel for Sid J. Gautreaux, III, Sheriff of East Baton Rouge

_____
Printed Name

Date: _____

_____
Counsel for City of Baton Rouge, East Baton Rouge Parish, Mayor Melvin "Kip" Holden, Carl Dabadie, Jr., Chief of Police, Baton Rouge

Printed Name

Date: _____

_____
Counsel for Colonel Michael Edmondson, Superintendent, Louisiana State Police

Printed Name

Date: _____

_____
Counsel for Hillar C. Moore, III, District Attorney

Printed Name

Date: _____

_____
Representative of AIX Group doing business as Nova Casualty Company

Printed Name

Date: _____

8

This Agreement is made to memorialize the settlement reached on November 28, 2016 and the subsequent amendments thereto.

_____
*Counsel for Plaintiffs*

_____
Printed Name

Date:_____

_____
*Counsel for City of Baton Rouge, East Baton Rouge Parish, Mayor Melvin "Kip" Holden, Carl Dabadie, Jr., Chief of Police, Baton Rouge*

_____
Printed Name

Date:_____

_____
*Counsel for Hillar C. Moore, III, District Attorney*

_____
Printed Name

Date:_____

_____
*Counsel for Sid J. Gautreaux, III, Sheriff of East Baton Rouge*

_____
Printed Name

Date:_____

/s/ *[signature]*
_____
*Counsel for Colonel Michael Edmondson, Superintendent, Louisiana State Police*

*Celeste Brustowicz 16835*
_____
Printed Name

Date: 5/1/17

_____
*Representative of AIX Group doing business as Nova Casualty Company*

_____
Printed Name

Date:_____

8

This Agreement is made to memorialize the settlement reached on November 28, 2016 and the subsequent amendments thereto.

_____
*Counsel for Plaintiffs*

Printed Name

Date:_____

_____
*Counsel for Sid J. Gautreaux, III, Sheriff of East Baton Rouge*

Printed Name

Date:_____

_____
*Counsel for City of Baton Rouge, East Baton Rouge Parish, Mayor Melvin "Kip" Holden, Carl Dabadie, Jr., Chief of Police, Baton Rouge*

Printed Name

Date:_____

_____
*Counsel for Colonel Michael Edmondson, Superintendent, Louisiana State Police*

Printed Name

Date:_____

_____
*Counsel for Hillar C. Moore, III, District Attorney*

Printed Name

Date:_____

*[signature: Peter Carello]*
_____
*Representative of AIX Group doing business as Nova Casualty Company*

Peter Carello
Printed Name

Date: 05/01/17

8