UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DeRay McKesson, | * | |
| Kira Marrero and | * | |
| Gloria La Riva | * | |
| Plaintiffs | * | |
| | * | Civil Action No. 3:16-cv-00520 |
| Versus | * | |
| | * | |
| City of Baton Rouge | * | CLASS ACTION |
| East Baton Rouge Parish | * | |
| Melvin "Kip" Holden, Mayor – Parish President, | * | |
| Carl Dabadie, Jr., Chief of Police, Baton Rouge, and | * | |
| Sid J. Gautreaux, III, Sheriff, | * | Judge John W. deGravelles |
|     East Baton Rouge Parish | * | |
| Col. Michael Edmonson, Superintendent, | * | |
|     Louisiana State Police | * | |
| Hillar C. Moore, III, District Attorney | * | |
|     19th Judicial District, | * | |
|     East Baton Rouge Parish | * | |
| Defendants | * | Magistrate Erin Wilder-Doomes |

-------------------------------------------------------------------------

## JUDGMENT

Plaintiffs' Motion for Final Approval of Class Action Settlement came for a fairness hearing before this Court on October 27, 2017, pursuant to proper notice for determination of whether the Court should approve the proposed settlement set forth in the First Amended Memorandum of Understanding dated May 1, 2017 (Doc. 72-1) (the "Settlement Agreement"), per Rule 23(e) of the Federal Rules of Civil Procedure.

All Defendants consent to class certification and final approval of the proposed settlement.

Considering the Plaintiffs' Motion for Final Approval and the exhibits attached thereto, the applicable law and jurisprudence, the pleadings, the representations of the parties and counsel, the

proceedings herein, and for reasons orally assigned, the Class Settlement shall be and is hereby APPROVED as fair, reasonable, and adequate.

The Court enters this Judgment, which constitutes adjudication of this matter on the merits as to Plaintiffs, DeRay McKesson, Gloria La Riva and Kira Marrero, and the Class they represent.

IT IS ORDERED, ADJUDGED AND DECREED that:

1. All defined terms contained herein shall have the same meanings as set forth in the First Amended Memorandum of Understanding (Doc. 72-1). The term "Class" shall have the meaning set forth in Section 2 of the Settlement Agreement,

   **All persons arrested in connection with protests in Baton Rouge, Louisiana between July 6, 2016 and July 11, 2016 for the single charge of Simple Obstruction of a Highway, pursuant to La. R.S. 14:97, who were not charged with any additional legal violation, and who had no outstanding warrants except for those persons who execute a timely and valid opt-out or exclusion request pursuant to Section 8 of this MOU.**

2. The Court finds that the Class satisfies the Rule 23 criteria for certification as a Settlement Class, and GRANTS class certification. The Court hereby adopts its prior ORDER AND REASONS granting the Joint Motion for Preliminary Approval of Settlement Agreement (Doc. 80).

3. The Court hereby approves the Settlement and finds that the Settlement is fair, reasonable and adequate in all respects.

4. The Notice distributed by first-class mail to the Class, along with the electronic notices sent by Plaintiffs' counsel to Class Members and telephone calls to Class Members, constituted the best notice practicable under the circumstances, including individual notice

to all members of the class who could be identified through reasonable efforts. Those notices fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

5. The Court finds that Class Members were given a fair and reasonable opportunity to request exclusion from the Class.

6. The ten potential class members who timely submitted out-out forms are named plaintiffs in the *Tennart v. Baton Rouge,* No. 17-179 (M.D. LA.*)* and the *Smith v. Baton Rouge,* No. 17-436 (M.D. LA), lawsuits.

7. The ten potential class members who timely submitted opt-out forms, Leroy Tennart, Deon Tennart, Eddie Hughes, III, Godavari Hughes, Brachell Brown, Christopher Brown, Elcide Harris, Zachary Hill, Thomas Hutcherson and Sean Benjamin, shall be and are hereby EXCLUDED from the Class and are not bound by this Judgment.

8. The one potential class member who untimely submitted an opt out form is the named plaintiff in the *Day v. Baton Rouge City Police*, No. 3:17-cv-328-JWD-RLB (M.D. LA.) lawsuit.

9. The one potential class member who untimely submitted an opt-out form, Travis Day, shall be and is hereby EXCLUDED from the Class and is not bound by this Judgment.

10. The Court finds that Class Members were given a fair and reasonable opportunity to object to the Settlement.

11. There were no objections to the Settlement.

12. This Judgment is binding on all members of the class, except the eleven potential class members who requested exclusion.

13. The First Amended Memorandum of Understanding (Doc. 72-1) is to be implemented as provided in the First Amended MOU and as further ordered herein.  The First Amended Memorandum of Understanding is hereby approved and adopted by this Court, to the extent that the First Amended MOU is consistent with this Judgment and the Court's subsequent orders.

14. The 70 members of the class are to receive the compensation and reimbursements indicated in Plaintiffs' exhibit 2-C, which is to be filed into the record under seal.

15. The claims of plaintiffs, DeRay McKesson, Gloria LA Riva and Kira Marrero, and the Class they represent, against Defendants, the City of Baton Rouge, East Baton Rouge Parish, Melvin "Kip" Holden, Mayor – Parish President, Sid J Gautreaux, III, Sheriff, East Baton Rouge Parish, Col. Michael Edmonson, Superintendent, Louisiana State Police, and Hillar C. Moore, III, District Attorney, 19th Judicial District, East Baton Rouge Parish shall be and are hereby DISMISSED with prejudice.

16. Within 14 days of the entry of this Judgment, and the execution of a Receipt and Release Agreement, Defendants and AIX Group doing business as Nova Casualty Company

(hereinafter referred to as "Nova") will deliver their portion of the Settlement Funds to Plaintiffs' Counsel.

17. Within 7 days of the entry of this Judgment, Defendants will begin the process of obtaining expungements for the members of the Settlement Class.

18. Because attorneys' fees are paid by the defendants, rather than the class, the Court shall approve the agreed upon amount. In the event that the parties do not reach agreement on attorneys' fees, plaintiffs shall submit their attorney fee statement to the Court and Defendants shall respond fourteen days thereafter.

19. This Court reserves jurisdiction, without affecting the finality of this Judgment, over: (a) implementation and administration of the Settlement or this Judgment; (b) any dispute between the parties concerning the interpretation, application or enforcement of the Settlement Agreement or this Judgment; (c) Plaintiffs' motion for attorneys' fees; and (d) any post-final-judgment matters as may be appropriate under court rules.

IT IS SO ORDERED, ADJUDGED AND DECREED.

Signed in Baton Rouge, Louisiana, on <u>October 27, 2017</u>.

                                        **JUDGE JOHN W. deGRAVELLES**
                                        **UNITED STATES DISTRICT COURT**
                                        **MIDDLE DISTRICT OF LOUISIANA**